815 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Joseph Alvin ADDISON, Appellant.
 No. 86-5544.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 6, 1987.
Decided March 23, 1987.
 
 Before WILKINSON, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and SENTELLE, United States District Judge for the Western District of North Carolina, sitting by designation.
 Charles D. Chambliss, Jr., on brief, for appellant.
 Henry E. Hudson, United States Attorney; N. George Metcalf, Assistant United States Attorney; William G. Otis, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Joseph A. Addison was convicted of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. App. 1202(a)(1). On the eve of trial, Addison's appointed counsel moved for a continuance so that privately retained counsel could take over the defense. The district court denied the motion. Addison now contends that the district deprived him of his Sixth Amendment right to counsel. We find no abuse of discretion and affirm.
 
 I.
 
 2
 Addison was arrested on April 12, 1985. An indictment was returned against him on November 19. On December 5, Charles D. Chambliss, Jr., was appointed as his attorney. At his arraignment a week later, the district court and the attorneys agreed on a deadline for defense motions of December 23 and a trial date of January 9, 1986.
 
 
 3
 On January 8, the day before trial, Chambliss informed the court that Addison's family had hired a new defense attorney, Gary R. Hershner. Chambliss moved to withdraw as counsel of record and Hershner moved to replace him. The two attorneys then moved for a continuance on the grounds that Hershner would need time to become familiar with the case and because time was needed to permit some unspecified change in defense strategy.
 
 
 4
 The district court denied the motions, finding that "Mr. Chambliss has performed in a professional way" and that with both attorneys involved in the case "it could be tried in a very professional, proper manner without any disadvantage to Mr. Addison."
 
 II.
 
 5
 In reviewing a Sixth Amendment challenge to a denial of a continuance, we follow the standard provided by the Supreme Court in Morris v. Slappy, 461 U.S. 1, 11-12 (1983): "[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." (citation omitted.) See also Sampley v. Attorney General of North Carolina, 786 F.2d 610, 613 (4th Cir. 1986). In Addison's case, the district court was not arbitrary in insisting that the trial take place as originally agreed upon, nor was the basis for the request justified.
 
 
 6
 Nearly eight months elapsed between arrest and indictment, and a further seven weeks elapsed between indictment and trial, more than sufficient time for Addison to retain private counsel if he desired. The district court found that his appointed attorney could provide effective assistance without a continuance. Addison does not claim that Chambliss and Hershner represented him inadequately, nor does he identify any prejudice suffered as a result of the trial going forward on January 9. Indeed, Addison himself apparently never expressed to the court any dissatisfaction with Chambliss. The record indicates that Chambliss and Hershner provided an energetic defense.
 
 The judgment of the district court is
 
 7
 AFFIRMED.